UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN STEVENS,

    Plaintiff,

v.                                                                  Hon. Jane M. Beckering

TOM ELSMAN, et al.,                              Case No. 1:25-cv-271

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed his complaint in this action on March 11, 2025, against Defendants Tom Elsman, Christopher Hayward, and Sam Carlsen. He asserts claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the Fifth, Fourteenth, Eighth, and Thirteenth Amendments to the United States Constitution in connection with his arrest and prosecution arising out of an incident that occurred in Paw Paw, Michigan, on April 16, 2022.

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

### I.    Background

Plaintiff sues Tom Elsman, the Owner of Sportsman's Veranda Pub & Grille, Sam Carlsen, a detective with the Paw Paw Police Department, and Chris Hayward, a detective with the Michigan State Police.

Plaintiff alleges that on April 16, 2022, at the Sportsman's Veranda Pub & Grille, he was involved in an altercation in the back alley next to the restaurant. He claims that several individuals, Eric Deryke, Ryan Johnson, Michael Severino, Lindey Hamlet, and John Porter, Jr., lured him out of the restaurant and into the alley. Once outside, the men ran toward Plaintiff with a firearm. Porter restrained Plaintiff from behind while Deryke shot Plaintiff multiple times. Plaintiff returned fire, striking Deryke once. After Plaintiff was shot and lying on the ground, Severino approached Plaintiff, stomped on his head, and called Plaintiff a racial slur.

Plaintiff was taken to the hospital and remained in the ICU for several months on life support. Plaintiff alleges that despite being the victim, he was charged with two counts of attempted murder while none of the other individuals who attacked him were charged. Plaintiff was detained in jail for 197 days, placed on house arrest for a year, during which he was prohibited from discussing his case. The charges against him were eventually dismissed. (ECF No. 1 at PageID.5–6.)

According to Van Buren County Circuit Court records, Plaintiff was charged with two counts of assault with intent to commit murder, one count of carrying a concealed weapon, and two counts of felony firearm. Plaintiff pled guilty to the concealed weapons charge on January 26, 2024, and the other charges were dismissed. Plaintiff was sentenced on March 11, 2024, to 197 days, with 197 days' credit for time served.[1]

---

[1]  *See*  https://micourt.courts.michigan.gov/case-search/court/C36/case-details?caseId=2022-0000024045-FC&tenantKey=C36-80-0634488-00-00&searchUrl=%2Fcourt%2FC36%2Fsearch%3FlastName%3DStevens%26firstName%3Dnathan%26caseTypeSubCategory%3D1%26page%3D1 (last visited Mar. 16, 2025).

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court is bound to construe his complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v.*

3

*Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As noted, Plaintiff brings constitutional claims in this action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

### A. Defendant Elsman

Regarding Defendant Elsman, who owned the bar/restaurant, Plaintiff alleges that "despite his awareness he told police he didn't know the number to call." Plaintiff also apparently suggests that Elsman told the bartender to kick Plaintiff out of the establishment. (*Id.* at PageID.6.) Elsman is simply a private party, not a governmental actor. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where a defendant is not a state official, his or her conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally Lugar*, 457 U.S. at 936–39 (discussing three tests).

Nothing in Plaintiff's complaint suggests that Defendant Elsman's conduct could be fairly attributed to the State under any of these tests. He cannot be a considered a state actor, for example, merely because he holds a liquor license or any other type of government-issued permit. Elsman was simply acting as the owner of a private business establishment. His alleged actions are insufficient to subject him liability under Section 1983.

**B.    Defendants Carlsen and Hayward**

Defendants Carlsen and Hayward both qualify as state actors. However, Plaintiff includes no factual allegation regarding Defendant Hayward. A plaintiff must attribute factual allegations to all defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where, as here, a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v.*

5

*Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where the plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Rodriguez v. Jabe*, No. 90–1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Thus, Defendant Hayward is properly dismissed from the case on this basis.

Plaintiff does make a factual allegation against Defendant Carlsen, that he failed to get a subpoena for security camera footage, which he admitted on the record. (*Id.* at PageID.6.) Nonetheless, this allegation does not align with any alleged constitutional violation, and the alleged violations do not state valid claims, or otherwise give rise to cognizable claims.

Plaintiff first alleges that his Fifth Amendment rights against self-incrimination and due process were violated in the following ways: (1) while on house arrest for nearly a year, he was prohibited from discussing his case, which prevented him from seeking therapy or professional support for the trauma he endured; (2) he was wrongfully charged with two counts of attempted murder, despite being the victim, and was subjected to a legal process that denied him fundamental fairness; and (3) the government's action violated his right to due process, as he was arrested and held for 197 days, in spite of clear facts proving his innocence.

This claim, to the extent it is asserted against Defendant Carlsen, fails for a number of reasons. First, it is well established that "personal involvement is necessary to establish section 1983 liability." *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) (citing *Gibson v.*

*Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Plaintiff fails to allege how Defendant Carlsen was involved in these allegations. Second, he fails to allege a violation of his right against self-incrimination. "[T]he core protection afforded by the [Fifth Amendment's] Self–Incrimination Clause is a prohibition on compelling a criminal defendant to testify against himself at trial." *United States v. Patane*, 542 U.S. 630, 637 (2004). Plaintiff alleges that he was prevented from speaking about his case, not that he was compelled to do so at trial or to any investigating officials. Third, Plaintiff fails to allege how he was denied fundamental fairness, and he does not allege that his arrest or the criminal charges against him were unsupported by probable cause. Indeed, as noted, Plaintiff pled guilty to carrying a concealed weapon, and he was sentenced for that conviction to the 197 days he spent in jail.

Plaintiff alleges that he was denied medical care during his 197-day incarceration in violation of the Eighth and Fourteenth Amendments. This claim against Defendant Carlsen fails because he did not work at the jail. Plaintiff does not plausibly allege how Defendant Carlsen denied him medical care at the jail.

Plaintiff alleges that he was denied equal protection because, as the victim, he was charged and jailed for attempted murder, while the individuals who attacked and shot him were not charged. The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which burdens a fundamental right, targets a suspect class, or intentionally treats one differently than other similarly situated individuals without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Here, Plaintiff does not allege that he is a member of a suspect class or that the failure to charge the other individuals burdens a fundamental right. Thus, Plaintiff is left to show that he was treated in a different manner

than the other individuals without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-88 (6th Cir. 2004). Plaintiff fails to allege facts plausibly showing that the other individuals were similarly situated to him "in all relevant respects." *Tree of Life Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) (internal quotation marks omitted). There are numerous possible reasons why the other individuals were not charged, and Plaintiff's allegations are simply too conclusory to show that they were similarly situated to Plaintiff. *See Wynn v. Russellville Rural Police Dep't*, No. 1:23-CV-P87, 2023 WL 6979600, at *4 (W.D. Ky. Oct. 23, 2023) ("Here, there are innumerable factors, including whether Plaintiff had previous criminal charges, or what evidence Defendants found on Plaintiff during their search of him, which could have led to the different treatment of Plaintiff and the driver. Thus, the Court finds that Plaintiff's equal-protection claim is simply too conclusory and must be dismissed for failure to claim upon which relief may be granted."). Moreover, "[t]he decision to prosecute an individual for a crime is one typically entrusted solely to the prosecutor's discretion and rarely subject to judicial review or public scrutiny." *Cincinnati Enquirer v. Dep't of Justice*, 45 F.4th 929, 935 (6th Cir. 2022) (quoting *Fund for Const. Gov't v. National Archives & Records Serv.*, 656 F.2d 856, 863 (D.C. Cir. 1981)). Finally, to the extent that Plaintiff's claim is based not on his own prosecution, but on the failure to prosecute the other individuals, he lacks a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981) (holding that inmates lacked standing to sue state correctional officials for interfering with issuance of arrest warrants for the prosecution of prison guards for use of unnecessary force against the inmates during a prison uprising because the decision to prosecute was solely within the prosecutor's discretion).

Finally, Plaintiff alleges that his rights under the Thirteenth Amendment not to be subjected to forced labor and involuntary servitude were violated because he was punished and restrained for a crime he did not commit. This argument ignores that Plaintiff was charged and pled guilty to a crime, and he was sentenced to time he served in jail as his punishment. Moreover, to state a claim under the Thirteenth Amendment, a plaintiff must show that he was subjected to "compulsory labor akin to African slavery which, in practical operation, would tend to produce like undesirable results." *Butler v. Perry*, 240 U.S. 328, 332 (1916). Plaintiff's complaint contains no such allegations. Thus, this claim is properly dismissed.

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  March 17, 2025                                    /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).